IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARKET SYNERGY GROUP, INC.,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR, et al.,**<br><br>　　　　　　**Defendants.** | Case No. 16-CV-4083-DDC-KGS |

## MEMORANDUM AND ORDER

Plaintiff Market Synergy Group, Inc. brings this lawsuit under the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.*, and the Regulatory Flexibility Act of 1980, 5 U.S.C. § 601 *et seq.*, challenging a final regulatory action taken by the Department of Labor ("DOL") on April 8, 2016. Specifically, plaintiff challenges the DOL's Amendment to and Partial Revocation of Prohibited Transaction Exemption ("PTE") 84-24,[1] as it applies to fixed indexed annuity ("FIA") sales. The rule provides that PTE 84-24 will apply beginning on April 10, 2017.[2] But, the DOL also included an additional nine-month transition period after the April 10, 2017 applicability

---

[1] Amendment to and Partial Revocation of Prohibited Transaction Exemption (PTE) 84-24 for Certain Transactions Involving Insurance Agents and Brokers, Pension Consultants, Insurance Companies, and Investment Company Principal Underwriters, 81 Fed. Reg. 21,147 (Apr. 8, 2016) (to be codified at 29 C.F.R. pt. 2550).

[2] *Id.* at 21,171 (stating that the DOL determined that "an Applicability Date of April 10, 2017, is appropriate for plans and their affected financial services and other service providers to adjust to" the rule change).

date for the industry to meet the requirements of the rule changes.[3]  Thus, the regulation that plaintiff challenges will not go into full effect until January 1, 2018.[4]

This matter is before the court on the parties' cross motions for summary judgment.  For the reasons explained below, the court grants defendants' Motion for Summary Judgment (Doc. 67), and denies plaintiff's Motion for Summary Judgment (Doc. 65).

## I.     Background

Shortly after filing this lawsuit, plaintiff filed a Motion for Preliminary Injunction (Doc. 10).  Plaintiff's motion asked the court to issue an order preliminarily enjoining the DOL from taking any action to adopt or enforce PTE 84-24, as it applies to FIA sales.  It also sought an order requiring that PTE 84-24, as it existed before the DOL's April 8, 2016 amendment and partial revocation, remain in effect during the pendency of this case.  The parties submitted extensive briefing on the motion (Docs. 11, 25, 36, 41-1, 52, 53), and the court conducted a hearing on the motion on September 21, 2016 (Doc. 51).

On November 28, 2016, the court issued a Memorandum and Order denying plaintiff's Motion for Preliminary Injunction (Doc. 59) ("November 28, 2016 Order").  The court concluded that plaintiff had failed to establish the requirements necessary for preliminary relief.  First, the court determined that plaintiff is not likely to prevail on the merits of its claims that the

---

[3]    Best Interest Contract Exemption, 81 Fed. Reg. 21,002, 21,069–71 (Apr. 8, 2016).

[4]    The court recites the rule in its current form, but recognizes that recent developments may lead to future changes in this rule-making.  The DOL promulgated PTE 84-24 in connection with the Fiduciary Duty Rule.  Definition of the Term "Fiduciary"; Conflict of Interest Rule—Retirement Investment Advice, 81 Fed. Reg. 20,946 (Apr. 9, 2016).  On February 3, 2017, the President issued a memorandum directing the Secretary of Labor to "examine the Fiduciary Duty Rule" and to "prepare an updated economic and legal analysis" of the Rule specifically addressing three enumerated considerations, among others.  Memorandum for the Secretary of Labor on Fiduciary Duty Rule, 82 Fed. Reg. 9,675 (Feb. 3, 2017).  The memorandum also directed that if the Secretary "make[s] an affirmative determination as to any one of the [enumerated] considerations," or "for any other reason after appropriate review," the Secretary "shall publish for notice and comment a proposed rule rescinding or revising the Rule, as appropriate and as consistent with law."  *Id.*

DOL violated the Administrative Procedure Act ("APA") and the Regulatory Flexibility Act ("RFA") by issuing PTE 84-24. *Id.* at 25–59. The court also found that plaintiff could not establish irreparable harm, that the balance of equities tips in its favor, or that an injunction is in the public interest. *Id.* at 59–62. The court thus denied plaintiff's Motion for Preliminary Injunction.

The factual and regulatory background of plaintiff's challenge to PTE 84-24 is discussed extensively in the court's November 28, 2016 Order denying plaintiff's Motion for Preliminary Injunction. *See id.* at 4–24. With their briefing on the Motion for Preliminary Injunction, the parties submitted the portions of the administrative record that, they contended, supported their arguments for and against a preliminary injunction. Doc. 48. The court relied on those portions of the administrative record to reach its decision denying the preliminary injunction.

Here, the parties rely on their previous citations to the administrative record to support their cross motions for summary judgment. Doc. 66 at 3; Doc. 67 at 2. The parties' cross motions for summary judgment contain no additional citations to the administrative record for the court's consideration when deciding summary judgment. The court thus incorporates the factual background from its earlier ruling. *See* Doc. 59 at 4–24. And, it decides these motions on the administrative record (Doc. 48) that the parties filed with the court. *See Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) ("Judicial review . . . is generally based on the administrative record that was before the agency at the time of its decision" (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971)).

## II.  Legal Standard

The APA grants federal courts authority to review agency decisions. *See* 5 U.S.C. § 702. The reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A), (C)–(E).  When a court applies the APA's "arbitrary and capricious" standard of review, it "must 'ascertain whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made.'"  *Kobach v. U.S. Election Assistance Comm'n*, 772 F.3d 1183, 1197 (10th Cir. 2014) (quoting *Aviva Life & Annuity Co. v. FDIC*, 654 F.3d 1129, 1131 (10th Cir. 2011)).  "This [arbitrary and capricious] standard of review is very deferential to the agency's determination, and a presumption of validity attaches to the agency action such that the burden of proof rests with the party challenging it."  *Id.* (citations and internal quotation marks omitted).

  The RFA "requires all agencies, as part of the rulemaking process, to conduct a 'regulatory flexibility analysis' for their proposed rules."  *Colorado ex rel. Colo. State Banking Bd. v. Resolution Tr. Corp.*, 926 F.2d 931, 947 (10th Cir. 1991) (quoting 5 U.S.C. §§ 603–04).  "In the analysis, the agency must evaluate how the proposed rule will affect small entities, consider alternatives that would 'minimize any significant economic impact of the rule on [such] entities,' and explain 'why each one of such alternatives was rejected.'"  *Id.* (first quoting 5 U.S.C. § 604(a)(3); then citing 5 U.S.C. § 603(a), (c)).  When reviewing an agency's compliance with the RFA, the court is "'highly deferential' . . . to the substance of the analysis, particularly where an agency is predicting the likely economic effects of a rule."  *Council for Urological Interests v. Burwell*, 790 F.3d 212, 227 (D.C. Cir. 2015) (quoting *Helicopter Ass'n Int'l, Inc. v. FAA*, 722 F.3d 430, 438 (D.C. Cir. 2013)).

**III.   Analysis**

In this lawsuit, plaintiff asserts that the DOL violated the APA and RFA in four ways: (1) the DOL failed to provide notice that it would remove FIAs from the scope of the exemption in PTE 84-24; (2) the DOL arbitrarily treated FIAs differently from all other fixed annuities; (3) the DOL failed to consider the detrimental effects of its actions on independent insurance agent distribution channels; and (4) the DOL exceeded its statutory authority by seeking to manipulate the financial product market instead of regulating fiduciary conduct.  The court considered each one of plaintiff's claims in its November 28, 2016 Order.  And, it concluded that plaintiff was not likely to prevail on the merits on any claim.

As noted above, the parties submitted no additional evidence with their cross motions for summary judgment.  The court has conducted no other hearings on the merits since the September 21, 2016 preliminary injunction hearing.  Thus, the arguments and evidence before the court on plaintiff's Motion for Preliminary Injunction essentially are the same ones advanced in the parties' cross motions for summary judgment at issue here.  The court believes it reached the correct decision in its November 28, 2016 Order, and it finds no reason to depart from the legal conclusions and reasoning set forth in that Order.  The court thus adopts and incorporates into this Order the factual findings and legal conclusions of its November 28, 2016 Order.

For the same reasons discussed in its November 28, 2016 Order, the court concludes as a matter of law that plaintiff fails to establish a violation of the APA or RFA.  First, the administrative record establishes that the DOL satisfied the APA's requirement of providing fair notice of the proposed rule change.  *See* Doc. 59 at 27–38.  That is, the DOL gave proper notice that it intended to remove FIAs from the final version of PTE 84-24 because this result logically grew out of the proposed rule.  *Id.*  And, even if notice was insufficient, any violation of the APA

was harmless because other commenters expressed the same concerns that plaintiff says it would have submitted if the DOL had given proper notice that it intended to remove FIAs from the final rule. *Id.* at 38–40.

Second, the DOL's decision to treat FIAs differently than all other fixed annuities in PTE 84-24 was not arbitrary and capricious. *Id.* at 41–51. Instead, the administrative record shows that the DOL provided a reasoned explanation for its decision to move FIAs out of the scope of PTE 84-24. *Id.* And, thus, the DOL's decision does not violate the APA. *Id.*

Third, the administrative record shows that the DOL properly considered the economic impact that the final rule would impose on independent insurance agent distribution channels. *Id.* at 51–57. The DOL's rulemaking thus comports with the requirements of the APA and RFA. *Id.*

Fourth, the DOL's issuance of PTE 84-24 does not exceed the agency's statutory authority. *Id.* at 57–59. As explained in the November 28, 2016 Order, Congress has granted the DOL the authority to issue the exemptions found in the final rule, and the court must defer to those determinations. *Id.*

For all these reasons, the court concludes that plaintiff fails to establish a violation of the APA or RFA as a matter of law.

## IV. Conclusion

After reviewing the administrative record and considering the parties' arguments, the court grants defendants' Motion for Summary Judgment (Doc. 67), and denies plaintiff's Motion for Summary Judgment (Doc. 65).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Summary Judgment (Doc. 67) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Summary Judgment (Doc. 65) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of February, 2017, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
